# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1945

———————————————

Mark W. Dubuque

*Plaintiff - Appellant*

v.

The Boeing Company

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 17, 2019
Filed: February 27, 2019

——————————

Before BENTON, MELLOY, and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

Mark W. Dubuque was an at-will employee at The Boeing Company with Special Action Program (SAP) clearances and access for his classified work. After the Air Force's Office of Special Investigations temporarily suspended his SAP access, Boeing tried to inform Dubuque that his SAP access was terminated in a SAP facility. This process is called "debriefing." Dubuque refused requests to debrief.

Boeing terminated him. Dubuque sued Boeing, claiming wrongful discharge in violation of public policy. The district court[1] denied Boeing's motion to dismiss for lack of subject matter jurisdiction, but granted dismissal under Rule 12(b)(6). *Dubuque v. Boeing Co.*, 325 F.R.D. 296 (E.D. Mo. 2018). Dubuque appeals.

Boeing contends that the district court lacked subject matter jurisdiction over Dubuque's claim because it is a nonjusticiable political question. Courts lack jurisdiction to review the merits of an executive's decision to grant or deny a security clearance because it is a "sensitive and inherently discretionary judgment call . . . committed by law to the appropriate agency of the Executive Branch." *Dep't of Navy v. Egan*, 484 U.S. 518, 527-28 (1988). However, "not all claims arising from security clearance revocations violate separation of powers or involve political questions." *Stehney v. Perry*, 101 F.3d 925, 932 (3d Cir. 1996). *See, e.g.*, *Zeinali v. Raytheon Co.*, 636 F.3d 544, 547, 552 (9th Cir. 2011) (jurisdiction over discriminatory termination claim where employee was terminated after the Department of Defense denied his security clearance); *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008) (jurisdiction over discrimination claim under mixed-motive theory because the case did "not necessarily require consideration of the merits of a security clearance decision"). Noting that Dubuque's claim does not challenge the merits of the security-clearance decision, the district court correctly concluded it had subject matter jurisdiction over Dubuque's wrongful termination claim. *See* **8th Cir. R. 47B**.

The district court also properly dismissed Dubuque's wrongful discharge claim. Generally, an "at-will employee has no cause of action for wrongful discharge." *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 91 (Mo. banc 2010).

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

However, "[a]n at-will employee may not be terminated . . . for refusing to violate the law or any well-established and clear mandate of public policy . . . ." *Id.* at 92. The public policy exception is "narrow." *Id.* at 93. After de novo review, this court agrees with the district court that Dubuque failed to state a claim upon which relief can be granted because the manuals he cites do not clearly prohibit him from being debriefed in a SAP facility. *See* **Margiotta v. Christian Hosp. NE. NW.**, 315 S.W.3d 342, 347 (Mo. banc. 2010) ("The pertinent inquiry here is whether the authority clearly prohibits the conduct at issue in the action."). *See generally* **8th Cir. R. 47B**.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____